# MEMORANDUM DECISIONS.

ADLER v. COHN. (Supreme Court, Appellate Division, First Department. March 21, 1902.) Action by Leopold Adler against Sigmar Cohn. No opinion. Motion denied, upon payment of $10 costs, and, upon payment of $10 additional, leave given to apply to the court below to open default.

AIKENS, Respondent, v. CITY OF ROME, Appellant. (Supreme Court, Appellate Division, Fourth Department, March 25, 1902.) Action by Sarah J. Aikens against the city of Rome.

PER CURIAM. Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event, unless the respondent stipulates within 20 days to reduce the verdict to $1,000 as of the date of the rendition thereof, in which event the judgment is modified accordingly, and, as thus modified, the judgment and order are affirmed, without costs of this appeal to either party.

In re ALLEN. (Supreme Court, Appellate Division, Third Department. March 5, 1902.) In the matter of the judicial settlement of the accounts of J. W. Allen, as trustee under the last will and testament of Elizabeth Gibbard, deceased. No opinion. Decree of surrogate unanimously affirmed, with costs.

BACKES v. CURRAN et al. (Supreme Court, Appellate Division, First Department. March 21, 1902.) Action by Thomas J. Backes against James P. Curran and another. No opinion. Motion denied, with $10 costs.

BALDWIN, Respondent, v. HARDENBROCK, Appellant. (Supreme Court, Appellate Division, Second Department. March 14, 1902.) Action by Arthur L. Baldwin against David L. Hardenbrock. No opinion. Motions denied.

BALL & WOOD CO., Respondent, v. COMSTOCK et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. March 11, 1902.) Action by the Ball & Wood Company against Louis K. Comstock and another. No opinion. Judgment affirmed, with costs.

BALL & WOOD CO., Respondent, v. COMSTOCK et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. March 11, 1902.) Action by the Ball & Wood Company against Louis K. Comstock and another. No opinion. Order affirmed, with $10 costs and disbursements.

BAZURO v. JOHNSON. (Supreme Court, Appellate Division, First Department. April 18, 1902.) Action by Antonio Bazuro, as ad-

ministrator of Rosa Bazuro, deceased, against Solomon W. Johnson, president of the American News Company. From an order denying defendant's motion to vacate an order of preference, defendant appeals. Reversed. Henry B. Pogson, for appellant. Gilbert Ray Hawes, for respondent.

PER CURIAM. For the reasons stated in the opinion in Basuro v. Johnson (decided herewith) 75 N. Y. Supp. 823, the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

BELL, Respondent, v. NEW JERSEY STEAMBOAT CO., Appellant. (Supreme Court, Appellate Division, Third Department. March 5, 1902.) Action by Annie Bell against the New Jersey Steamboat Company. No opinion. Judgment and order unanimously affirmed, with costs.

BELL, Respondent, v. NEW JERSEY STEAMBOAT CO., Appellant. (Supreme Court, Appellate Division, Third Department. March 21, 1902.) Action by Annie Bell against the New Jersey Steamboat Company. No opinion. Motion denied.

BENSON, Respondent, v. BURLEY et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. March 28, 1902.) Action by Martin V. Benson against Charles F. Burley and another. No opinion. Judgment affirmed, with costs.

BERNHEIMER v. SCHMID. (Supreme Court, Appellate Division, First Department. April 18, 1902.) Action by Simon E. Bernheimer against Josephine Schmid. From an order granting the application of the receiver for leave to loan certain moneys, defendant appeals. Affirmed. See 69 N. Y. Supp. 659, 73 N. Y. Supp. 767. Charles F. Brown, for appellant. Wm. A. Jenner, for respondent.

PER CURIAM. By the order appealed from the receiver appointed in this action was empowered and directed to advance and loan to two persons certain sums of money from the receivership funds and to take mortgages to secure such loans. Objection to these specific loans is the same as that taken on the appeal from another order authorizing the receiver to make advances to customers of the copartnership over which the receivership extends, and the appeal from which last-mentioned order is decided herewith. The views expressed by the court in deciding the last-mentioned appeal control now, there being no reason urged, separated from the general objection, why these